Daniel Feder (SBN 130867)
LAW OFFICES OF DANIEL FEDER
332 Pine Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 391-9476
Facsimile:  (415) 391-9432

Attorneys for Plaintiff
Dennis Brown

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS BROWN, an individual,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>DYNAMIC MANAGEMENT SOLUTIONS FACILITY SERVICES, LLC;  NORTHSTAR FEDERAL SERVICES, INC.; and DOES 1 through 50, inclusive,<br><br>　　　Defendants. | **Case No:**<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1. Failure to Pay Overtime wages<br>2. Failure to Pay All Wages Upon Separation Failure to Provide Rest Periods and/or Wages in lieu thereof<br>3. Failure to Provide Accurate Wage Statements<br>4. Fraud by Concealment<br>5. Wrongful Termination in Violation of Public Policy<br>6. Violations of Labor Code §1102.5<br>7. Violations of Labor Code §98.6<br>8. Failure to Accommodate<br>9. Failure to Engage in the Good Faith Interactive Process;<br>10. Disability Discrimination<br><br>**REQUEST FOR PUNITIVE DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff alleges:

## PARTIES

1.　　Plaintiff, DENNIS BROWN, ("Plaintiff") is an adult who at the time the claims in this lawsuit came about, was an employee of Defendant DYNAMIC MANAGEMENT SOLUTIONS FACILITY SERVICES, LLC and NORTHSTAR FEDERAL SERVICES,

1

*Brown v. Dynamic Management Solutions Facility Services, LLC*　　　COMPLAINT

1  INC. in Alameda County, California.  At all times relevant herein, Plaintiff was
2  employed by Defendant DYNAMIC MANAGEMENT SOLUTIONS FACILITY
3  SERVICES, LLC. and Defendant NORTHSTAR FEDERAL SERVICES, INC.
4  2. At all times herein mentioned, Defendant DYNAMIC MANAGEMENT SOLUTIONS
5  FACILITY SERVICES, LLC ("Defendant DMS"  or "DMS") was a State of Washington
6  Limited Liability Company, which provided construction demolition services at
7  Lawrence Berkeley National Laboratory in Alameda County, California.   Plaintiff is
8  informed and believes and thereon alleges that DMS was at all times a subsidiary
9  company of Defendant NORTHSTAR FEDERAL SERVICES, INC.
10 3. At all times herein mentioned, Defendant NORTHSTAR FEDERAL SERVICES, INC.
11 ("Defendant Northstar"  or "Northstar") was a State of Washington Limited Liability
12 Company, which provided construction demolition services at Lawrence Berkeley
13 National Laboratory in Alameda County, California.  Plaintiff is informed and believes
14 and thereon alleges that Northstar is the parent company of DMS.
15 4. Plaintiff is ignorant of the true names and capacities of the defendants who are sued
16 herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such
17 fictitious names.  Plaintiff will amend this complaint to allege their true names and
18 capacities when ascertained.  Plaintiff is informed and believes, and thereon alleges, that
19 each of said fictitiously named defendants is responsible in some manner for the
20 occurrences herein alleged, and that Plaintiff's injuries as herein alleged were
21 proximately caused by such unlawful conduct.
22 5.  Plaintiff is informed and believes and thereon alleges that Defendants, and each of them,
23 at all times relevant herein, were the agents and/or employees of their co-defendants, and
24 in doing the things alleged in this complaint were acting in the course and scope of such
25 agency and/or employment.  Defendants, and each of them, are the employers of the
26 managers and supervisors herein complained of, and supervising over Plaintiff, and
27 therefore Defendants, and each of them, are liable for the unlawful acts conducted by
28 their agents, employees and supervisors, under the theory of Respondeat Superior and

1  alter ego.
2  6. At all times herein mentioned, all Defendants qualified as "employers" as defined by the
3     California Labor Code.

**JURISDICTION & VENUE**

5  7. Plaintiff brings this action pursuant to and under the provisions of the Fair Employment
6     and Housing Act, California Government Code §§ 12940, et seq. (hereinafter referred to
7     as FEHA), California Constitution, Article I, § 1, California Labor Code, the California
8     Code of Regulations, and other common and statutory laws.
9  8. The amount in controversy exceeds the minimum jurisdictional threshold of this Court.
10 9. At all times set forth herein, Defendants have employed 5 or more employees for each
11    working day in each of twenty or more calendar weeks in the current or preceding
12    calendar year and is otherwise subject to the provisions of FEHA and other applicable
13    laws.
14 10. Defendants, and each of them are, and at all times relevant hereto, have been,
15    "employers" as defined by FEHA.
16 11.  At all times set forth herein, Defendants are demolition construction companies, which
17    did business at the Lawrence Berkeley National Laboratory in Alameda County, State of
18    California, where the facts concerning Plaintiff's claims arose.
19 12. Defendants, and each of them are, and at all times relevant hereto, have been,
20    "employers" as defined by the California Labor Code.
21 13. This Court has diversity jurisdiction over this dispute because the Plaintiff and all
22    Defendants reside in different states.
23 14.  Plaintiff is informed and believes, and thereon alleges, that most of the witnesses and
24    evidence relevant to this case are located in Alameda County in California and at other
25    locations in the State of California.
26 15. Plaintiff is informed and believes, and thereon alleges, that the relative costs and burdens
27    to the parties herein favor the filing of this lawsuit in this Court.  Defendants suffer no
28    burden or hardship by having to defend this case in this Court.  However, Plaintiff would

suffer severe and undue burden and hardship if she was required to file in an alternative forum, if any such forum exists. Such burden and hardship on Plaintiff includes, but is not limited to prohibitive monetary expenses for travel, obtaining counsel in a different venue and/or jurisdiction, increased expenses to investigate and obtain evidence and depose and interview witnesses.

16. Venue is proper in this Court because the acts and events set forth in this Complaint occurred in whole or in part in the county of Alameda County, California.

**EXHAUSTION OF ADMINISTRATION REMEDIES**

17. Within the time provided by law, Plaintiff made complaints to the California Department of Fair Employment and House (hereinafter referred to as "DFEH") against Defendants DMS and Northstar. Timely, Plaintiff received right- to -sue letter from DFEH.

**GENERAL FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

18. Plaintiff re-alleges and incorporates the preceding paragraphs, as though fully set forth herein.

19. At all times relevant hereto, while Plaintiff worked for Defendants DMS and Northstar, Plaintiff was a resident of Alameda County, California.

20. At all times relevant hereto, Defendants DMS and Northstar did business in Alameda County California at Lawrence Berkeley National Laboratory ("LBNL").

21. In September, 2014, Plaintiff began negotiations for a temporary to direct position with Northstar and DMS. Plaintiff was told by a recruiter that Northstar was willing to pay $70 per hour for the temporary to direct position of Radiation Lead.

22. On October 16, 2014, Plaintiff asked for $85 per hour rate. David Flodin of Northstar and DMS that day declined Plaintiff's proposed rate of $85 per hour, as not within the company's budget for a direct employee with the company.

23. On October 17, 2014, David Flodin of DMS and Northstar came back to Plaintiff and offered $132,000 per year maximum. The $132,000 offer would come out to $68.46 per hour for 1928 hours worked per year, which was close to the $70 per hour Plaintiff

|   |     |                                                                                           |
|---|-----|-------------------------------------------------------------------------------------------|
| 1 |     | initially believed he would be offered, but much less than the $85 per hour Plaintiff     |
| 2 |     | requested the day before.                                                                 |
| 3 | 24. | On October 20, 2014, Plaintiff responded that the $132,000 annual salary looks feasible.  |
| 4 | 25. | On October 24, 2014, Defendants DMS and Northstar sent an offer letter to Plaintiff,      |
| 5 |     | offering the job of Radiation Protection Lead, which would be contingent upon award of    |
| 6 |     | Contract with Lawrence Berkeley National Laboratory ("LBNL").  DMS and Northstar          |
| 7 |     | offered a salary of $132,000 to Plaintiff, payable in accordance with the company's       |
| 8 |     | payroll practices.                                                                        |
| 9 | 26. | Plaintiff signed the offer letter on or about November 7, 2014.                           |
| 10| 27. | Northstar and DMS' payroll practices was to pay non-management and hourly employees       |
| 11|     | weekly.                                                                                   |
| 12| 28. | Plaintiff started work with DMS and Northstar on or about December 16, 2014, at LBNL,     |
| 13|     | Old Town demolition, Phase 1.  The job was to demolish improvements at LBNL.              |
| 14| 29. | Plaintiff initially submitted time-sheets of 10, 11, 12 hours per day, or more.  On or about |
| 15|     | January 10, 2015, Plaintiff was told by Dottie Norman of DMS and Northstar that he was    |
| 16|     | permitted to submit time-sheets for only 8 hours per day maximum.  Plaintiff followed     |
| 17|     | Dottie Norman's instructions and thereafter submitted time-sheets with only maximum of    |
| 18|     | 8 hours per day of work, even though he was working much more time.                       |
| 19| 30. | Plaintiff is informed and believes and thereon alleges that Dottie Norman was a project   |
| 20|     | manager at DMS and Northstar, and she received overtime pay or other compensation for     |
| 21|     | working overtime.  Plaintiff is informed and believes and thereon alleges that Jim        |
| 22|     | Patterson, another manager at DMS and Northstar, received overtime pay or other           |
| 23|     | compensation for working over-time at DMS and Northstar.                                  |
| 24| 31. | In Autumn 2015, Plaintiff sent Kamal Sukrum, Vice President of Human Resources for        |
| 25|     | DMS and Northstar an email complaining about Northstar's policies relating to wage and    |
| 26|     | hour practices. in particularly, the no forgiveness policy not outlined in the employee   |
| 27|     | handbook but identified by Dottie Norman as a company policy.  Kamal Sukrum never         |
| 28|     | responded to that e-mail, but others at DMS and Northstar, Bryan Deloreto, Jim            |

Patterson, and Dottie Norman, responded by reiterating that Defendants' did not pay is no overtime to engineers, or provide them with meal and rest periods.

32. In April, 2015, Plaintiff began having pain from repetitive stress injury, which arose while working at DMS and Northstar. Plaintiff informed Ilene Strong, the Health and Safety Representative for the project, about his injuries. The injuries worsened in late May, 2015. He complained to safety representative in April and May. The safety representative left the company on or about May 8, 2015 about his medical condition. Plaintiff sought medical treatment in October 2015. Defendants made no effort to discuss modifying Plaintiff's job duties, or to accommodate his requests for workplace modifications.

33. Plaintiff complained several times to Defendants' managers about illegal activities he noticed in the Defendant's operations. Specifically, Plaintiff sent to email to Melanie Gravois, an attorney for LBNL in August, 2015, where Plaintiff complained that he had discovered Price Anderson Amendments Act ("PAAA") violations. DMS failed to properly respond to emails sent by Gravois' relating to PAAA violations. The PAAA requires qualifying entitles to indemnify contractors. Plaintiff reported other illegal activities in August, 2015. These regarded instruments not being calibrated in compliance with ANSI N323 A/B.

34. Melanie Gravois, as an attorney for Berkeley National Lab, had been investigating the PAAA. She sent Plaintiff an email on August 12, 2015. Plaintiff provided a timely response. Dottie Norman, a manager employed by Defendants, became extremely upset with Plaintiff because Plaintiff responded to Gravios' e-mail by providing her with detailed information substantiating PAAA violations. Plaintiff copied other management at DMS and Northstar. Dottie Norman called Brown into her office with Mitchell Walker (then a project superintendent), and Jim Patterson (a manager). Dottie Norman berated Plaintiff and told him it was unacceptable to have sent out the e-mail regarding the instrument calibration issue. There were lots of questions for Plaintiff to answer. Plaintiff was instructed to prepare a report for a safety brief the following morning (at

6

7:00 AM), something to do properly would take days or weeks, but received a phone call at 6:00 AM on Thursday, September 3, 2015, that he did not have to do this. This was retaliation for responding to the PAAA violation inquiry in which DMS/Northstar had been bereft in responding. Jim Patterson, Dottie Norman, and Dan Jordan went out drinking after this meeting, and on Thursday, a plan was hatched for Plaintiff to cover the EH&S functions at Los Alamos. Meanwhile, Dottie Norman hired Dan Jordan from Newex to be a Northstar Employee. Though the Los Alamos job was continuing, on Friday, September 4th, Dottie Norman required that Plaintiff leave Los Alamos and cover for Dan Jordan who was going on vacation, and at least one radiation protection person was needed on site or the project would have to be shut down.

35. During the week that Dan Jordan was on vacation, there were revisions to requirements for entry to certain portions of Building 5 at LBNL, and Plaintiff mentioned these to the technicians working in the area to read the new RWP requirements. The technicians however do not recall this and Plaintiff had failed to circulate a training/signature page, this resulted in another PAAA violation, and at this point Dan Jordan, Dottie Norman, Jim Patterson, and Timothy Campbell ( part time consultant) handled all questions with Melanie Gravois.

36. Plaintiff was terminated by DMS/Northstar on December 8, 2015, for being injured, for cooperating with the PAAA violations, for complaining about not receiving overtime compensation, and for logging overtime hours on a spreadsheet.

**FIRST CAUSE OF ACTION**
Willful Failure to Pay All Wages (Cal. Labor Code §§ 204, 510)
[Against All Defendants]

37. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

38. Under California law, Defendants are required to pay wages for each hour worked, and overtime wages when non-exempt employees work over eight (8) hours in a day or forty (40) hours in a week by calculating the hourly rate and then computing the overtime

7

premium amount owed.  Plaintiff has worked for Defendants without being paid for all over-time hours worked.

39. As a result of Defendants' violation of statutory mandates to pay employees for statutory wage requirements, as more fully set forth above.

40. Plaintiff seeks as damages all wages owed by Defendants.  Plaintiff further seeks an award of pre-judgment interest on the unpaid wages set forth herein.

41. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action.  Plaintiff seeks attorneys' fees under all applicable provisions of law.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

**SECOND CAUSE OF ACTION**
Willful Failure to Pay All Wages Upon Separation (Cal. Labor Code §§ 201, 202, 203)
[Against All Defendants]

42. Plaintiff realleges and incorporates by reference each and every allegation in this complaint as though fully set forth herein.

43. California Labor Code §§ 201 and 202 require that employers pay all employees all wages immediately upon employer termination or within 72 hours after employee resignation.  California Labor Code § 203 provides that in instances that an employer willfully fails to pay all wages owing within the proscribed time limits, the employer must continue to pay the subject employee wages until all wages are paid in full.  A worker need not prove malice or intentional conduct in establishing their claim for waiting time penalties, but rather must merely establish that the employer did not do something it was obligated to do.

44. Plaintiff was adversely affected by Defendants' policy and practice of failing to pay all wages owed, and her employment with Defendants' has subsequently ended.  Plaintiff was not paid all wages owing and as a consequence, is entitled to penalty wages, together with interest thereon, and attorneys' fees and costs.

8

*Brown v. Dynamic Management Solutions Facility Services, LLC*                                                    COMPLAINT

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### THIRD CAUSE OF ACTION
Failure to Provide Rest Periods and/or Wages in lieu of (Cal. Labor Code § 226.7)
[Against All Defendants]

45. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

46. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

47. As detailed more fully above, Defendants were required to provide Plaintiff with meal and rest periods in accordance with Cal. Labor Code § 226.7 and applicable wages orders.

48. Defendants failed to do so, and as a consequence, Plaintiff is entitled to recover an amount to be proven at trial, but not less than one additional hour of pay at the regular rate of compensation for each workday that the rest and/or meal period was not provided, as articulated in Cal. Labor Code § 226.7(b).

49. As a direct and proximate result of Defendants' failure to provide Plaintiff with either rest periods or wages in lieu thereof, Plaintiff has been damaged in an amount to be proven at trial, but which exceeds the minimum jurisdictional thresholds of this Court. As these wages were owed in regular pay periods and were not forthcoming, Plaintiff is entitled to seek an award of prejudgment interest.

50. Plaintiff has incurred, and will continue to incur, attorneys' fees and costs in the prosecution of this action. Plaintiff seeks attorneys' fees and costs under all applicable provisions of law.

WHEREFORE, Plaintiff prays for judgment as more fully set forth below.

### FOURTH CAUSE OF ACTION
FRAUD BY CONCEALMENT
[Against all Defendants]

51. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

52. Plaintiff was initially told that Northstar/DMS was looking to pay $70 per hour for a temporary to direct Radiation Lead position.
53. On October 16, 2014, when Plaintiff and Defendants were discussing terms of employment, Plaintiff offered to work for Defendants at a rate of $85 per hour plus $85 per hour for over-time.
54. Defendants declined that offer from Plaintiff.
55. The following day, on October 17, 2014, Defendants offered to pay Plaintiff $132,000.
56. Plaintiff accepted that offer.
57. Defendants at all times knew that Plaintiff expected that he be paid over-time for days in which he worked more than 8 hours per day.
58. Defendants actively concealed from Plaintiff that Defendants would not pay over-time to Plaintiff for more than 40 hours per week worked, or more than 8 hours per day worked, as required by California law.
59. Plaintiff reasonably relied on Defendants' concealment of material facts in accepting Defendants' offer of $132,000 per annum.
60. As a direct and proximate result, Plaintiff was damaged in an amount according to proof.
61. Defendants' conduct in this regard constitutes malice, oppression or fraud, and justifies an award of punitive damages in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### FIFTH CAUSE OF OF ACTION
WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY
[Against all Defendants]

62. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.
63. At all times relevant herein, Plaintiff was employed by Defendants DMS/TRAVIS.
64. California has a fundamental, substantial, and well-established public policy, as expressed in FEHA, against discrimination and retaliation in the workplace. Defendants

|   |   |   |
|---|---|---|
| 1 |  | violated that important public policy by terminating Plaintiff because of Plaintiff's |
| 2 |  | complaints about no receiving overtime compensation; because of his disabilities, and |
| 3 |  | because of his complaints about Defendant's illegal non-compliance with regulations |
| 4 |  | governing the services provided by Defendants.  s. |
| 5 | 65. | In addition, California case law prohibits termination of an employee for being opposed |
| 6 |  | to practices in violation of California law and/or public policy.   California has a |
| 7 |  | fundamental, substantial, and well-established public policy, as expressed in California |
| 8 |  | Civil Code §1942.5, et seq., against retaliation   Defendants, and each of them, violated |
| 9 |  | California's fundamental public policy when they terminated Plaintiff. |
| 10 | 66. | Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, |
| 11 |  | terminated Plaintiff because Plaintiff complained about not receiving over-time pay. |
| 12 | 67. | Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, |
| 13 |  | terminated Plaintiff without justifiable cause and/or without a reasonable business |
| 14 |  | interest, but in retaliation for complaining about not receiving over-time pay, in violation |
| 15 |  | of the California Labor Code. |
| 16 | 68. | As a direct and proximate result of Defendants' conduct, and each of their actions, |
| 17 |  | Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of |
| 18 |  | income, humiliation, embarrassment, severe mental and emotional distress, discomfort, |
| 19 |  | disability coverage, and health benefits, all of which amount to Plaintiff's damage which |
| 20 |  | totals in excess of the minimum jurisdiction of this court, the precise amount to be proven |
| 21 |  | at trial. |
| 22 | 69. | Defendants, and each of them, committed the acts herein alleged maliciously, |
| 23 |  | fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted |
| 24 |  | with an improper and evil motive amounting to malice, in conscious disregard for |
| 25 |  | Plaintiff's rights and thus an award of exemplary and punitive damages is justified. |
| 26 |  | Further, the actions directed at Plaintiff were carried out by supervising employees and |
| 27 |  | Defendants Northstar/DMS acting in a deliberate, callous and intentional manner in order |
| 28 |  | to injure and damage Plaintiff.  Plaintiff is therefore entitled to recover and herein prays |

for punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
VIOLATIONS OF LABOR CODE §1102.5
[Against all Defendants]

70. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

71. At all times relevant herein, Plaintiff was employed by Defendants DMS/TRAVIS. California has a fundamental, substantial, and well-established public policy, as expressed in Labor Code Section 1102.5, against discrimination and retaliation in the workplace. Defendants violated that important public policy by terminating Plaintiff because of Plaintiff cooperated with PAAA investigation regarding Defendants' statutory violations re calibration of instruments. California has fundamental public policies in place which oppose discriminatory and harassing acts.

72. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, terminated Plaintiff without justifiable cause and/or without a reasonable business interest, but in retaliation for Plaintiff cooperating with PAAA investigation re calibration violations.

73. As a direct and proximate result of Defendants' conduct, and each of their actions, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, discomfort, disability coverage, and health benefits, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

74. Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for

Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees and Defendants Northstar/DMS acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

### SIXTH CAUSE OF ACTION
### VIOLATIONS OF LABOR CODE §98.6
[Against all Defendants]

75. Plaintiff re-alleges and incorporates herein by reference each and every allegation contained in this complaint as though fully set forth herein.

76. At all times relevant herein, Plaintiff was employed by Defendants DMS/TRAVIS. California has a fundamental, substantial, and well-established public policy, as expressed in Labor Code Section 98.6, against discrimination and retaliation against employees for complaining about violations of the Labor Code. Defendants violated Labor Code Section 98.6 by terminating Plaintiff because Plaintiff complained about not receiving overtime compensation.

77. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, terminated Plaintiff without justifiable cause and/or without a reasonable business interest, but in retaliation for Plaintiff complaining about not receiving overtime compensation.

78. As a direct and proximate result of Defendants' conduct, and each of their actions, Plaintiff has suffered injury, damage, loss and harm, including but not limited to, loss of income, humiliation, embarrassment, severe mental and emotional distress, discomfort, disability coverage, and health benefits, all of which amount to Plaintiff's damage which totals in excess of the minimum jurisdiction of this court, the precise amount to be proven at trial.

79. Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively with the wrongful intention of injuring Plaintiff, and acted with an improper and evil motive amounting to malice, in conscious disregard for Plaintiff's rights and thus an award of exemplary and punitive damages is justified. Further, the actions directed at Plaintiff were carried out by supervising employees and Defendants Northstar/DMS acting in a deliberate, callous and intentional manner in order to injure and damage Plaintiff. Plaintiff is therefore entitled to recover and herein prays for punitive damages in an amount sufficient to punish Defendants, and each of them, in an amount to be proven in trial.

WHEREFORE, Plaintiff prays for judgment, including punitive damages, as more fully set forth below.

## SEVENTH CAUSE OF ACTION
## DISABILITY DISCRIMINATION IN VIOLATION OF CAL. GOV'T CODE § 12940 et seq. AGAINST ALL DEFENDANTS

80. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 54 above.

81. Defendants, through their agents and employees engaged in a pattern and practice of unlawful disability discrimination in violation of the Fair Employment and Housing Act (hereinafter referred to as "FEHA") in connection with the terms and conditions of Plaintiff's employment. The above conduct was unwelcome, directed towards Plaintiff, and was part of an ongoing and continuing pattern of conduct.

82. Plaintiff informed Defendants of his medical condition, which made the achievement of the major life activities, including but not limited to working, difficult. Plaintiff informed Defendant of his request for accommodation.

83. Plaintiff was subjected to an adverse employment action because of his medical condition and requests for accommodation.

84. Defendants had an affirmative duty to make a reasonable accommodation for Plaintiff's disabilities. The duty arises even if Plaintiff did not request an accommodation. Defendant failed to accommodate Plaintiff's disabilities.

14

85. At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination.  As a result of the hostile and offensive work environment perpetrated and maintained by Defendants, and Defendants' failure to protect Plaintiff from further discrimination, Plaintiff suffered significant emotional distress.

86. Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, Defendants, and each of them, engaged in other discriminatory practices against Plaintiff, which are not yet fully known.  At such time, as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

87. Defendants' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendants, and in furtherance of Defendants' ratification of the wrongful conduct of the managers of Defendants.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

88. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.  As a result of Defendants' and each of their actions, Plaintiff sustained economic damages to be proven at trial.  As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

89. The above discriminatory conduct violates FEHA, Government Code §§ 12940 and 12941 and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

WHEREFORE, Plaintiff prays for judgment as more fully set forth herein.

### SECOND CAUSE OF ACTION
### FAILURE TO ACCOMMODATE
### VIOLATION OF CAL. GOV'T CODE § 12940 et seq.
### AGAINST ALL DEFENDANTS

90. Plaintiff incorporates by reference the factual allegations of paragraphs 1 through 54 above.

91. Defendants, through their agents and employees engaged in a pattern and practice of unlawful disability discrimination in violation of the Fair Employment and Housing Act (hereinafter referred to as "FEHA") in connection with the terms and conditions of Plaintiff's employment. The above conduct was unwelcome, directed towards Plaintiff, and was part of an ongoing and continuing pattern of conduct.

92. Plaintiff informed Defendants of her medical condition, which made the achievement of the major life activities, including but not limited to working, difficult. Plaintiff informed Defendant of his request for accommodation.

93. Plaintiff was subjected to an adverse employment action because of his medical condition and requests for accommodation.

94. Defendants had an affirmative duty to make a reasonable accommodation for Plaintiff's disabilities. The duty arises even if Plaintiff did not request an accommodation. Defendant failed to accommodate Plaintiff's disabilities.

95. At all relevant times, Defendants had actual and constructive knowledge of the discriminatory conduct described and alleged herein, and condoned, ratified and participated in the discrimination. As a result of the hostile and offensive work environment perpetrated and maintained by Defendants, and Defendants' failure to protect Plaintiff from further discrimination, Plaintiff suffered significant emotional distress.

96. Plaintiff is informed and believes and thereon alleges that in addition to the practices enumerated above, Defendants, and each of them, engaged in other discriminatory practices against Plaintiff, which are not yet fully known. At such time, as said discriminatory practices become known to Plaintiff, Plaintiff will seek leave of court to amend this complaint in those regards.

97. Defendants' acts were malicious, oppressive or fraudulent with intent to vex, injure, annoy, humiliate and embarrass Plaintiff, and in conscious disregard of the rights or safety of Plaintiff and other employees of Defendants, and in furtherance of Defendants' ratification of the wrongful conduct of the managers of Defendants.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendants.

98. By reason of the conduct of Defendants and each of them as alleged herein, Plaintiff has necessarily retained attorneys to prosecute the within action.  Plaintiff is therefore entitled to reasonable attorney's fees and litigation expenses, including expert witness fees and costs, incurred in bringing the within action.  As a result of Defendants' and each of their actions, Plaintiff sustained economic damages to be proven at trial.  As a further result of Defendants' and each of their actions, Plaintiff suffered emotional distress; resulting in damages to be proven at trial.

99. The above discriminatory conduct violates FEHA, Government Code §§ 12940 and 12941 and California Public Policy and entitles Plaintiff to all categories of damages, including exemplary or punitive damages.

WHEREFORE, Plaintiff prays for judgment as more fully set forth herein.

### THIRD CAUSE OF ACTION
### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS
### VIOLATION OF CAL. GOV'T CODE §12940, *et seq.*
### AGAINST ALL DEFENDANTS

100. Plaintiff incorporates by reference the factual allegations set forth in paragraphs 1 through 64 above.

101. Defendants and/or DOES 1-100, and each of them, were required under California Government Code §12940, et seq., among other California statutes, to engage in an interactive dialogue with all qualified, disabled employees, designed to find ways to reasonably accommodate said employees' disabilities in the workplace (the "interactive process").

102. Plaintiff was a qualified disabled employee.  Defendants were, therefore, required to engage in the interactive process with Plaintiff.

103. Defendants and/or DOES 1-100 failed to enter into a good-faith, interactive process to determine if there was a reasonable accommodation that would allow the applicant or

17

employee to obtain or maintain employment.

104. Defendants failed to determine the "essential functions" of Plaintiff's position or whether there were employees available to whom the job function could be distributed before subjecting Plaintiff to adverse employment action. Defendants failed to interact with Plaintiff to determine how they could accommodate Plaintiff's medical conditions.

105. As a direct, proximate and foreseeable result of Defendants' acts and failures to act as alleged herein, plaintiff has suffered and continues to suffer substantial losses in earnings and employment benefits, injury to her career and reputation and extreme and enduring emotional distress including but not limited to humiliation, shock, embarrassment, fear, anxiety and discomfort, all to her damage in an amount to be determined according to proof at trial.

106. Defendants and/or DOES 1-100, and each of them, committed the acts herein alleged despicably, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring plaintiff, and acted with an improper and evil motive amounting to malice and in conscious disregard of plaintiff's rights. Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous, despicable, and intentional manner in order to injure and damage plaintiff, she is entitled to punitive damages from Defendants and/or DOES 1-100, and each of them, in an amount according to proof.

WHEREFORE, Plaintiff prays for judgment as more fully set forth herein.

107.

. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff makes the following demand:

(a) That process be issued and served as provided by law, requiring Defendants, and each of them, to appear and answer or face judgment;

(b) For general, special, actual, compensatory and/or nominal damages against Defendants in an amount to be determined at trial;

(c) For punitive damages in an amount to be determined at trial sufficient to punish, penalize and/or deter Defendants and others from engaging in the conduct described herein;

18

*Brown v. Dynamic Management Solutions Facility Services, LLC*   COMPLAINT

(d) For back and front pay and other benefits Plaintiff would have been afforded but-for Defendants' unlawful conduct;

(e) For costs and expenses of this litigation;

(f) For reasonable attorneys' fees, where applicable;

(g) An award of statutory penalties pursuant to California Labor Code §§203, 226.8(b), (c), 1197.1, and 1174.5, subject to proof at trial;

(h) An award of penalties for failure to pay full wages when due pursuant to California Labor Code §204, subject to proof at trial;

(i) An award of restitution of all amounts owed in unpaid missed break periods, and interest thereon, in an amount according to proof at trial, pursuant to California Business and Professions Code §17203;

(j) For pre and post-judgment interest on all damages and other relief awarded herein from all entities against whom such relief may be properly awarded; and,

(k) For all such other and further relief as the nature of the case may require and the court deems appropriate and just.

Dated: November 29, 2016

Law Offices of Daniel Feder

*/s/ Daniel Feder*

**DANIEL FEDER**
Attorneys for Plaintiff
Dennis Brown

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Dated: November 29, 2016

Law Offices of Daniel Feder

*/s/ Daniel Feder*

**DANIEL FEDER**
Attorneys for Plaintiff
Dennis Brown